IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON HESTER, | ) CIVIL NO. 17-00014 LEK-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO REMAND |
| vs. | ) ACTION TO STATE COURT |
| | ) |
| LEONARD G. HOROWITZ, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO
REMAND ACTION TO STATE COURT

On January 11, 2017, Defendant Leonard Horowitz ("Defendant") removed this case from the Circuit Court of the First Circuit, State of Hawaii.  In response to an inquiry by this Court about the basis for the removal, Defendant explained:

> This action is a civil *and* criminal action[1] of which this Court has original jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1988(a), inter alia, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under [42 U.S.C. §§ 1981, 1983, 1985, 1986, 1962, and 2000bb(b)(2)].

Doc. No. 11.

---

[1] A petition to expunge documents is not a criminal action.

>Section 1441(a) provides, in pertinent part:
>
>(a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006) (Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court).

The party seeking to remove the case bears the burden of establishing the existence of federal

jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).  Courts should presume that a case lies outside the limited jurisdiction of the federal courts.  Hunter, 582 F.3d at 1042.

"In determining federal question jurisdiction, the well-pleaded complaint rule 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  Id. (quoting Fisher v. NOS Commc'ns, 495 F.3d 1052, 1057 (9th Cir. 2007)); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985) (citations omitted) ("A case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint.").  That is, "[t]he federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'"  Takeda, 765 F.2d at 822 (citation omitted).

Here, the operative pleading is a Petition to Expunge Documents Recorded in the Bureau of Conveyances

of the State of Hawaii.  Governing law requires the Court to look at the face of this Petition, unaided by the Notice of Removal, to ascertain whether it presents a federal question.  The Petition does not present a federal question, and federal jurisdiction cannot rest on an actual or anticipated defense or counterclaim. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim.").  Applying the strong presumption against removal, the Court therefore finds that Defendant fails to establish a proper basis for removal.  Inasmuch as jurisdiction is lacking, this Court recommends that the district court remand the case to the First Circuit.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

Based on the foregoing, the Court HEREBY

RECOMMENDS that this action be remanded to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 27, 2017.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 17-00014 LEK-KSC; HESTER V. HOROWITZ; FINDINGS AND RECOMMENDATION TO REMAND ACTION TO STATE COURT