IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JASON HESTER, | ) | CIVIL 17-00014 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LEONARD G. HOROWITZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S
## FINDINGS AND RECOMMENDATION

On January 27, 2017, the magistrate judge issued his Findings and Recommendation to Remand Action to State Court ("F&R"). [Dkt. no. 15.] On February 10, 2017, pro se Defendant Leonard G. Horowitz ("Defendant") filed document titled "Motion for Declaratory Judgment as Alternative to Remand." [Dkt. no. 18.] This Court CONSTRUES Defendant's filing as his objections to the F&R ("Objections").[1] The Court has considered the F&R and Objections as non-hearing matters pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court

---

[1] Because Plaintiff is proceeding pro se, this Court must liberally construe his filings. See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))).

Defendant states that "[r]econsideration is requested." [Objections at 2.] However, reading the document as a whole, it appears that Defendant wants this Court to review the magistrate judge's rulings. This Court does not construe Defendant's filing as asking the magistrate judge to reconsider the F&R.

for the District of Hawai`i ("Local Rules").  After careful consideration of the F&R, Objections, and the relevant legal authority, Defendant's Objections are HEREBY DENIED, and the F&R is ADOPTED as the opinion and order of this Court, for the reasons set forth below.[2]

## STANDARD

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered."  Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

---

[2] The instant Order supersedes the Order Adopting Magistrate Judge's Findings and Recommendation issued on February 15, 2017. [Dkt. no. 19.]

Muegge v. Aqua Hotels & Resorts, Inc., Civil 09-00614 LEK-BMK, 2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (alteration in Muegge) (some citations omitted).

## DISCUSSION

As noted in the F&R, the operative pleading in this case is a Petition to Expunge Documents Recorded in the Bureau of Conveyances of the State of Hawaii ("Petition"), which Plaintiff Jason Hester ("Plaintiff") filed in the State of Hawai`i First Circuit Court on July 26, 2016.[3]  [Removal of Case Civ. No. 16-1-1442-07 VLC ("Notice of Removal"), filed 1/11/17 (dkt. no. 1), Exh. 1 (Petition).]  In light of Defendant's Objections, this Court must review the issue of whether the case should be remanded de novo.  See Reyna-Tapia, 328 F.3d at 1121.

Defendant cites three cases as support for his position that there is federal jurisdiction over the instant case: Ocwen Loan Servicing, LLC v. Lum, Civil No. 13-00497 LEK-KSC, 2015 WL 1808955 (D. Hawai`i Apr. 20, 2015); The Club at Hokuli`a, Inc. v. American Motorists Insurance Co., Civil No. 10-00241 JMS-LEK, 2010 WL 3465278 (D. Hawai`i Sept. 3, 2010), *report and recommendation adopted sub nom.*, 2010 WL 4386741 (Oct. 26, 2010); and Federal Home Loan Mortgage Corp. v. Griep, CIVIL 15-00003

---

[3] Although Jason Hester and Leonard G. Horowitz were designated as Petitioner and Respondent in the state court proceedings, they are designated as Plaintiff and Defendant in the instant case.

LEK-KSC, 2015 WL 7274034 (D. Hawai`i Nov. 18, 2015).  [Objections at 3.]  Ocwen Loan does not support Defendant's position because there was diversity jurisdiction in that case.  See Ocwen Loan, 2015 WL 1808955, at *1.  In the instant case, diversity jurisdiction does not exist because both Plaintiff and Defendant are Hawai`i residents.[4]  See Petition at ¶¶ 2-3.  Hokuli`a does not support Defendant's position because that case was remanded to the state court because one of the defendants did not consent to the removal.  See 2010 WL 3465278, at *14.  Federal Home Loan does not support Defendant's position because "[t]he United States District Courts have original jurisdiction over all civil actions which Freddie Mac is a party pursuant to 12 U.S.C. § 1452(f)."  [Federal Home Loan, Complaint for: (1) Cancellation of Written Instrument; (2) Slander of Title; and (3) Quiet Title, filed 1/6/15 (dkt. no. 1), at ¶ 4.]  Thus, both Hokuli`a and Federal Home Loan are factually distinguishable from this case. This Court has reviewed the Petition anew, without considering the magistrate judge's F&R, see Freeman, 457 F.3d at 1004, and this Court CONCLUDES that the Petition does not present a federal question.[5]

---

[4] A district court has diversity jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States[.]"  28 U.S.C. § 1332(a).

[5] 28 U.S.C. § 1331, titled "Federal question," states: "The
(continued...)

Defendant's Objections appear to suggest that there is federal question jurisdiction in the instant case because he is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201. However, the existence of removal jurisdiction is generally determined at the time the notice of removal is filed, irrespective of subsequent events. See, e.g., Allen v. F.D.I.C., 710 F.3d 978, 984 (9th Cir. 2013). Thus, even if Defendant intends to bring a counterclaim for declaratory relief against Plaintiff, and even if the counterclaim raises a federal question, Defendant's anticipated counterclaim cannot create federal jurisdiction. See Vaden v. Discover Bank, 559 U.S. 49, 60 (2009).[6] This Court emphasizes that this Order does not prevent Defendant from attempting to bring a counterclaim for a declaratory judgment in state court after remand.

After a de novo review, this Court CONCLUDES that federal jurisdiction did not exist at the time Defendant filed his Notice of Removal. This case must therefore be REMANDED to the state court.

---

[5](...continued)
district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[6] Vaden was superseded by statute on other grounds, as stated in Vermont v. MPHJ Tech. Investments, LLC, 803 F.3d 635, 643 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 1658, *and*, 136 S. Ct. 1660 (2016).

5

**CONCLUSION**

On the basis of the foregoing, Defendant's Motion for Declaratory Judgment as Alternative to Remand, filed February 10, 2017 – which this Court CONSTRUES as his objections to the magistrate judge's January 27, 2017 Findings and Recommendation to Remand Action to State Court – is HEREBY DENIED.  This Court HEREBY ADOPTS the magistrate judge's findings and recommendation as the opinion and order of this Court.

This Court DIRECTS the Clerk's Office to effectuate the remand of this case on **March 10, 2017**, unless a motion for reconsideration of this Order is filed by **March 6, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 17, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**JASON HESTER VS. LEONARD G. HOROWITZ; CIVIL 17-00014 LEK-KSC; AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**