IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JASON HESTER, | ) | CIVIL 17-00014 LEK-KSC |
| Plaintiff, | ) | |
| vs. | ) | |
| LEONARD G. HOROWITZ, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**

On February 17, 2017, this Court issued its Amended Order Adopting Magistrate Judge's Findings and Recommendations ("2/17/17 Order").[1] [Dkt. no. 21.] On March 3, 2017, pro se Defendant Leonard G. Horowitz ("Defendant") filed a motion for reconsideration of the 2/17/17 Order ("Motion for Reconsideration"). [Dkt. no. 23.] Plaintiff Jason Hester ("Plaintiff") filed his memorandum in opposition on March 17, 2017, and Defendant filed his reply on March 29, 2017. [Dkt. nos. 26, 27.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motion and the relevant legal authority,

---

[1] The magistrate judge issued his Findings and Recommendation to Remand Action to State Court ("F&R") on January 27, 2017. [Dkt. no. 15.]

Defendant's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

On July 26, 2016, Plaintiff, through his attorney, Paul J. Sulla, Esq., filed a "Petition to Expunge Documents Recorded in the Bureau of Conveyances of the State of Hawaii" ("Petition") in the State of Hawai`i Circuit Court of the First Circuit. [Removal of Case Civ. No. 16-1-1442-07 VLC ("Notice of Removal"), filed 1/11/17 (dkt. no. 1), Decl. of Leonard G. Horowitz, Exh. 1 (Petition).] Pursuant to Haw. Rev. Stat. § 507D-1, *et seq.,* Plaintiff seeks to expunge the "Affidavit of Leonard G. Horowitz (Lis Pendens on Real Property)," filed as Document Number A-60010681 with the State of Hawai`i Bureau of Conveyances ("Horowitz Affidavit"). [Petition at pg. 1, ¶ 6, Relief Requested ¶ A.]

On January 11, 2017, Defendant removed the case to this district court. According to the Notice of Removal, Plaintiff did not serve the Petition on Defendant until December 21, 2016.[2]

---

[2] 28 U.S.C. § 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court
> (continued...)

[Notice of Removal at pg. 2.]  Defendant alleges that Mr. Sulla is the "concealed real party in interest" in the Petition, and that the Petition was filed "for anti-competitive advantage in violation of, inter alia, the Religious Freedom Restoration Act of 1993, with counterclaims brought pursuant to 42 USC § 2000bb(b)(2) against SULLA and State and County of Hawaii 'joint actors.'"  [Id. (emphasis in original).]

On January 19, 2017, the magistrate judge filed an entering order ("1/19/17 EO") that, among other things, ordered Defendant to identify the legal basis for the removal.  [Dkt. no. 8.]  On January 20, 2017, Defendant filed his reply to the 1/19/17 EO ("Removal Reply").  [Dkt. no. 11.]  As noted in the F&R, Defendant asserts that:

> This action is a civil **and** criminal action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1988(a), inter alia, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under [42 U.S.C. §§ 1981, 1983, 1985, 1986, 1962, and 2000bb(b)(2)].

[F&R at 1 (brackets and emphasis in F&R) (footnote omitted) (quoting Removal Reply at 3-4).]  The magistrate judge, however, concluded that: "The Petition does not present a federal question, and federal jurisdiction cannot rest on an actual or

---

[2](...continued)
and is not required to be served on the defendant, whichever period is shorter.

anticipated defense or counterclaim." [Id. at 4 (citing Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim.")).] The magistrate judge therefore recommended that the case be remanded to the state court.

On February 10, 2017, Defendant filed a document that this Court construed as his objections to the F&R ("Objections"). [Dkt. no. 18.] This Court denied Defendant's Objections and adopted the F&R in the 2/17/17 Order.

In the instant Motion for Reconsideration, Defendant argues that this Court should reconsider the 2/17/17 Order and reject the F&R because: the state courts do not have exclusive jurisdiction over Haw. Rev. Stat. Chapter 507D actions; the existence of diversity jurisdiction is apparent from the face of the Petition; expunging the Horowitz Affidavit would deprive him of his right to "free speech, free press, and freedom to petition the government for redress of grievances"; because the property at issue in the Petition is a religious property, issues regarding the First Amendment of the United States Constitution are apparent from the Petition; and federal question jurisdiction exists pursuant to 28 U.S.C. § 1441(f).

**DISCUSSION**

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014). Further, "reconsideration may not be based on evidence and legal arguments that a movant could have presented at the time of the challenged decision." Wereb v. Maui Cty., 830 F. Supp. 2d 1026, 1031 (D. Hawai`i 2011) (some citations omitted) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).

5

## I. Diversity Jurisdiction

As Defendant points out in the Motion for Reconsideration, "[n]othing in Chapter 507D confers exclusive jurisdiction on the state circuit court and precludes a federal court sitting in diversity from hearing this case, and in any event, 'state law may not control or limit the diversity jurisdiction of the federal courts.'" Olson v. Lui, Civ. No. 10-00691 ACK-RLP, 2012 WL 39293, at *2 n.1 (D. Hawai`i Jan. 6, 2012) (quoting Begay v. Kerr-McGee Corp., 682 F.2d 1311, 1315 (9th Cir. 1982)). Defendant argues that "[r]emoval is appropriate under 28 U.S.C. § 1441(b) on the basis of diversity where none of defendants is a citizen of the state in which the action is brought," and Defendant asserts that he was entitled to remove the case based on diversity jurisdiction because "Plaintiff has not established Defendant is a citizen of a state other than California." [Mem. in Supp. of Motion for Reconsideration at 7-8 n.4.]

Thus, Defendant alleges that this Court has diversity jurisdiction over Petition, which was brought pursuant to Chapter 507D. Defendant, however, failed to raise this argument in his Objections to the F&R. This Court cannot grant reconsideration of the 2/17/17 Order based on an argument that Defendant could have raised in the Objections. See Wereb, 830 F. Supp. 2d at 1031.

More importantly, Defendant did not assert diversity jurisdiction in either his Notice of Removal or his Removal Reply. The full title of the Removal Reply is "Reply to Court Order of 1/19/17 Pursuant to Basis for Removal and Statutory Provision under § 1441(a) **Federal Questions**." [Removal Reply at 1 (emphasis added).] Further, the Removal Reply expressly asserts that this Court has "original jurisdiction under 28 U.S.C. § 1331," and it lists various federal laws Defendant contends the action "arises under." [Id. at 3-4.] Section 1331 governs federal question jurisdiction and states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1332 governs diversity jurisdiction.

Defendant's Motion for Reconsideration essentially seeks to amend his Notice of Removal to add diversity jurisdiction as a basis for removal. This district court has stated:

> Ordinarily, "the notice of removal required by [28 U.S.C. §] 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal." 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Pocket Part by The Late Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Federal Practice and Procedure § 3733. **After the 30-day period for seeking removal has passed, however, "the notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice."** Id.;

7

> ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d 1108, 1117 (9th Cir. 2000) ("[A] defendant may amend the Notice of Removal after the thirty day window has closed to correct a defective allegation of jurisdiction."); Barrow [Dev. Co. v. Fulton Ins. Co.], 418 F.2d [316,] 317 [(9th Cir. 1969)] (after thirty-day period lapses, the defendant may not amend a notice of removal "to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made").

Pioneer Asset Inv. Ltd. v. Arlie & Co., CIVIL NO. 15-00387 ACK-KSC, 2015 WL 9665667, at *4 (D. Hawai`i Dec. 14, 2015) (emphasis added), *report and recommendation adopted*, 2016 WL 70445 (Jan. 5, 2016). Because the thirty-day period for Defendant to remove the Petition has already passed, Defendant can only amend his Notice of Removal to clarify the grounds for removal that he alleged – or at least attempted to allege – in the Notice of Removal.

This Court must liberally construe Defendant's filings because he is proceeding pro se. See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))). Even liberally construing Defendant's Notice of Removal, it did not contain any attempt to allege diversity jurisdiction as a basis for removal. Therefore, since the thirty-day removal period has passed, Defendant cannot amend his Notice of Removal to add diversity jurisdiction as a new basis for removal. This

8

Court therefore DENIES Defendant's Motion for Reconsideration as to his argument that this Court has diversity jurisdiction over the Petition.

## II. Federal Question Jurisdiction

Defendant argues that this Court must "'look through'" the Petition "to determine if the court would have jurisdiction over 'the [substantive] controversy between the parties.'" [Mem. in Supp. of Motion for Reconsideration at 4-5 (quoting Vaden, 129 S. Ct. at 1268).] He argues that, if this Court does so, the federal questions that he has identified are apparent. Defendant also alleges that, even without the "look through" analysis, the federal questions are apparent on the face of the Petition. He argues:

> On its face, the Complaint seeks to expunge Defendant's free speech, free press, freedom to petition the government for redress of grievances, as well as preclude the Defendant's exercise of his public duty to warn citizens not to get mixed upon [sic] in the alleged crimes. Moreover, the Property, being a religious property, raises additional federal questions. Accordingly, multiple First Amendment and religious freedom questions are facially evident in the Complaint.
>
> The consummate federal question raised on the face of the Complaint and its Exhibits "A" thru "C" is how Sulla could have succeeded in substantially burdening the civil rights, religious property rights, and religious freedom of the Defendant with the aid of State agents, depriving Horowitz of his free use and enjoyment of the Property more than a decade. The Complaint, on its face therefore, raises First and Fourteenth Amendment questions pursuant to 42 U.S.

9

>     Code § 2000bb-1(a), 42 U.S.C. §§ 1981, 1982, 1983,
>     1985, 1986, and 1962.

[Id. at 23-24 (footnote omitted).]

To the extent that Defendant argues that federal questions are apparent from the Petition itself, these are the same arguments that the magistrate judge considered and rejected in the F&R. The magistrate judge concluded that the Petition did not raise a federal question and that the federal issues Defendant identified arose from actual or anticipated defenses and counterclaims, which could not support removal jurisdiction. This Court adopted the magistrate judge's analysis and denied Defendant's Objections in the 2/17/17 Order. Defendant merely disagrees with the magistrate judge's and this Court's analysis, and Defendant's disagreement is not a basis for reconsideration. See Davis, 2014 WL 2468348, at *3 n.4.

In addition, Defendant's argument regarding "look[ing] through" the Petition is misplaced. Vaden did not abrogate the "the longstanding well-pleaded complaint rule."[3]  556 U.S. at 60.

---

[3] The United States Supreme Court described the well-pleaded complaint rule as follows:

> [A] suit "arises under" federal law "only when the
> plaintiff's statement of his own cause of action
> shows that it is based upon [federal law]."
> Louisville & Nashville R. Co. v. Mottley, 211 U.S.
> 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908).
> Federal jurisdiction cannot be predicated on an
> actual or anticipated defense: "It is not enough
> that the plaintiff alleges some anticipated

(continued...)

Vaden merely stated that the United States Supreme Court

> approve[d] the "look through" approach to this extent: A federal court may "look through" a [Federal Arbitration Act, 9 U.S.C.] § 4 petition [to compel arbitration] to determine whether it is predicated on an action that "arises under" federal law; in keeping with the well-pleaded complaint rule as amplified in Holmes Group[, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826 (2002),[4]] however, a federal court may not entertain a § 4 petition based on the contents, actual or hypothetical, of a counterclaim.

556 U.S. at 62. The "'look through' approach" discussed in Vaden therefore does not apply under the facts of this case and does not support Defendant's position that this Court should reconsider the 2/17/17 Order.

Defendant also argues that federal question jurisdiction exists based upon 28 U.S.C. § 1441(f), which states: "The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." Section 1441(f) merely stands for the proposition that "the fact that the

---

[3](...continued)
> defense to his cause of action and asserts that the defense is invalidated by some provision of [federal law]." Ibid.

Vaden, 556 U.S. at 60 (some alterations in Vaden).

[4] In Holmes Group, the Supreme Court "emphatically" held that an actual or anticipated counterclaim, even when compulsory, does not establish federal question jurisdiction. Vaden, 556 U.S. at 60 (discussing Holmes Group).

11

state court lacked jurisdiction does not defeat removal jurisdiction."  In re Miles, 430 F.3d 1083, 1095 n.1 (9th Cir. 2005) (Berzon, J., concurring).  Thus, § 1441(f) is not an independent source of federal question jurisdiction, and this Court rejects Defendant's argument that it has jurisdiction over the instant case based on § 1441(f).

This Court DENIES Defendant's Motion for Reconsideration as to his arguments asserting that this Court has federal question jurisdiction over the instant case.

### III. Remaining Arguments and Summary

The remainder of the arguments that Defendant raises in the Motion for Reconsideration address the merits of the Petition, not the existence of federal jurisdiction.  This Court does not need to address those arguments, and this Court emphasizes that it has not made any findings or conclusions regarding the merits of the Petition.

Having carefully considered all of the arguments that are properly before it, this Court CONCLUDES that the Motion for Reconsideration fails to present any ground that warrants reconsideration of the 2/17/17 Order.

### CONCLUSION

On the basis of the foregoing, Defendant's Motion to Reconsider Amended Order Adopting Magistrate Judge's Findings and Recommendations, filed March 3, 2017, is HEREBY DENIED.  This

Court DIRECTS the Clerk's Office to effectuate the remand of this case immediately.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, April 28, 2017.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**JASON HESTER VS. LEONARD G. HOROWITZ; CIVIL 17-00014 LEK-KSC; ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**